STANLEY J. AND MARY C. SMACZNIAK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smaczniak v. Commissioner
Docket No. 21448-89
United States Tax Court
T.C. Memo 1991-87; 1991 Tax Ct. Memo LEXIS 106; 61 T.C.M. (CCH) 2030; T.C.M. (RIA) 91087; March 4, 1991, Filed *106 A decision will be entered of no deficiencies, no additions to tax, and no overpayment. Stanley J. Smaczniak and Mary C. Smaczniak, pro se. Douglas R. Fortney, for the respondent. PANUTHOS, Special Trial Judge. PANUTHOS
MEMORANDUM OPINION This case was heard pursuant to the provisions of section 7443(b) and Rules 180 et seq. [1]
In separate notices of deficiency dated June 5, 1989, respondent determined deficiencies and additions to tax as follows: Addition Year
Deficiency Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1984
$ 1,417
$ 100 $  70.85
50% of the inter-
est due on the
deficiency
1985
$ 2,419
--
$ 120.95
50% of the inter-
est due on the
deficiency
Addition
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 2,926
$ 146.30
50% of the interest
due on the deficiency
1987
$ 2,063
$ 103.15
50% of the interest
due on the deficiency
*107 In their petition, petitioners allege error as follows: Due to the limited space provided here, our detailed disagreements, reasons, and questions are enclosed on the attached pages. First, we disagree with the idea that a notice of deficiency is deemed justified under our particular circumstances. Nearly three years ago, the IRS issued, after arbitrary and unexplained disallowances, a statement of corrected tax for the years 1984 and 1985, which exactly equaled our reported and paid tax. Those notifications claimed that no further action was required of us. Likewise, one year ago, in 1988, the IRS issued the same statements regarding 1986 and 1987. The amounts of overpayment "claimed" by us for 1986 and 1987 are, in fact, not our numbers but rather the computations of the Internal Revenue Service itself.
Attached to the form petition is a 20-page single-space typed document as well as other attachments. Respondent now agrees that there are no deficiencies and no additions to tax due from petitioners for the years in issue. [2] The issue remaining in dispute, raised by petitioners, is whether an overpayment exists for any of the years. *108 While a stipulation of facts was not filed in this case, the parties separately submitted exhibits which were made part of the record herein. At the time of filing the petition, petitioners resided in Dallas, Texas. Petitioner Stanley J. Smaczniak (hereinafter petitioner) is a Vietnam veteran. As a result of war injuries, petitioner was entitled to disability payments from the Veterans Administration (V.A.). Petitioner served in a reserve duty capacity during the years in issue. When petitioner served in the active military reserves or on active duty, he was entitled to military pay. Since the amount of military pay was greater than the amount of V.A. disability compensation, petitioner would forego the V.A. payments during the time he received military pay. At some point prior to the years in issue, petitioner received a check from the V.A. as compensation during a period when he was on active reserve duty. Petitioner returned the check advising the V.A. of the reasons therefore. Apparently, through either a miscommunication or error, the V.A. stopped sending compensation to petitioner altogether. Petitioner made inquiries attempting to rectify the error; however, he apparently *109 had little success. At some point in 1986, the problem was rectified and petitioner began receiving the V.A. compensation again. Petitioner previously had a case before this Court relating to the 1980 through 1983 tax years (docket No. 10479-86). The deficiencies and additions to tax were sustained in full by the Court based on a dismissal for failure to properly prosecute and comply with the Rules of the Court. An Order and Decision was entered on April 14, 1988. The Order and Decision were affirmed by a Judgment of the U.S. Court of Appeals for the Fifth Circuit filed April 26, 1989. Petitioners argue that they are entitled to a credit for funds due to them but not paid over to them by the V.A. Petitioners thus suggest that the amount of V.A. compensation which was due and not paid over to them should be treated as prepayments of their taxes for the years in issue. Petitioners also argue that respondent improperly applied overpayments for 1984 through 1987 to taxes due for 1980 through 1983. The burden of proof is on petitioners. Rule 142(a); . Petitioners have failed to establish that they are entitled to overpayments *110 for the years in issue. Section 3401 et seq., and the regulations thereunder, provide for income tax withholding. Income tax withholding is required on wages and other types of payments as described in the Internal Revenue Code. Withholding contemplates that the payor will retain some of the funds due to the payee for the payment of the payee's Federal income tax obligations. The payor, for example an employer, is required to submit the funds retained from the payee (the employee) to the Internal Revenue Service. Petitioners argue that funds allegedly due to them from the V.A. and not paid constitute withholding. Assuming the V.A. wrongfully failed to pay funds due to petitioners, a matter which has not been clearly established, such funds do not constitute "withholding" within the meaning of the Internal Revenue Code. The Supreme Court has upheld the withholding system as created by Congress. ; see also . Petitioners also argue that respondent improperly applied overpayments due for the years in issue against taxes *111 due from prior years. In this connection, respondent has conceded the deficiencies and additions to tax for the years set forth in the notices of deficiency. Petitioners do not dispute the concession, nor do they make other claims seeking a substantive adjustment to their tax liabilities. Petitioners' dispute appears to be with respect to the tax liabilities for 1980 through 1983. Our Order and Decision was entered in that case on April 14, 1988, and was affirmed by a judgment of the Court of Appeals for the Fifth Circuit filed April 26, 1989. That judgment is long since final. Section 7481(a)(2)(A). Petitioners cannot seek a review of that proceeding in this case. . Based on respondent's concession, A decision will be entered of no deficiencies, no additions to tax, and no overpayment. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent also concedes that petitioners are entitled to an investment tax credit in the amount of $ 375 for 1984 to be carried back to 1981.↩